UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thomas Paul Thompson (#Y-20599), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 7533 |
| v. ) | |
| ) | Hon. Thomas M. Durkin |
| Officer Modreno, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thomas Paul Thompson, a prisoner at Lawrence Correctional Center, brought this *pro se* § 1983 lawsuit against Defendant Modreno, a correctional officer at the Cook County Jail. Plaintiff alleges that Defendant failed to protect him from harm during an altercation with a fellow inmate on December 23, 2016. Defendant moves for summary judgment on Plaintiff's failure to protect claim (Dkt. 34.) Plaintiff has filed a motion in response to the motion for summary judgment (Dkt. 45), a motion seeking to supplement the record with exhibits (Dkt. 46.), and a Brief (Dkt. 48.) The Court construes Plaintiff's filings, collectively, as his response to the motion for summary judgment and to the extent that they can be construed as seeking leave to be filed, they are granted. For the reasons stated herein, Defendant's motion for summary judgment is granted.

## BACKGROUND

### I.    Northern District of Illinois Local Rule 56.1

Local Rule 56.1 sets out a procedure for presenting facts pertinent to a party's request for summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there

is no genuine issue and that entitle the moving party to judgment as a matter of law." *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a). The opposing party must file a response to each numbered paragraph in the moving party's statement, "including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(C). The nonmoving party may also present a separate statement of additional facts "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.*

The district court may limit its analysis of the facts on summary judgment "to evidence that is properly identified and supported in the parties' statements." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."). Plaintiff's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Coleman v. Goodwill Indus. of Se.*

*Wis., Inc.*, 423 F. App'x. 642, 643 (7th Cir. 2011) (unpublished) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules.").

Because Plaintiff is proceeding *pro se*, Defendant served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. (Dkt. 37.) This notice explained how to respond to Defendant's summary judgment motion and Rule 56.1 Statement and cautioned Plaintiff that the Court would deem Defendant's factual contentions admitted if he failed to follow the procedures delineated in Local Rule 56.1. (*Id.*)

Plaintiff failed to properly respond to Defendant's statement of facts. He did not submit a response containing numbered paragraphs and only attempts to dispute one numbered statement of fact: Statement of Fact ¶ 11. (See Dkt. 48, p. 4.) Plaintiff's response is more than a page long and does not properly contest the "fact" presented by Statement of Fact ¶ 11. Thus, Statement of Fact ¶ 11 along with Defendant's remaining statements of facts are deemed admitted to the extent they are supported by the record. Additionally, Plaintiff attempts to include information regarding his cellmate's possible involvement in the underlying altercation (Dkt. 48, p. 3) that is not material to the underlying claim of failure to protect. As it is not material to Plaintiff's claim, it will not be considered.

However, the Court liberally construes Plaintiff's submissions because he is proceeding *pro se*, and will consider the material submitted, but only to the extent he has pointed to evidence in the record or could properly testify himself about the matters asserted. *See Boykin v. Dart*, No. 12 C 4447, 2014 WL 5611466, at *6 (N.D. Ill. Nov. 4, 2014) (Chang, J.) ("Although the Court is entitled to demand strict compliance with Local Rule 56.1, it ordinarily affords *pro se* plaintiffs significant leeway in responding to summary judgment filings."). The Court notes that Plaintiff's materials are largely irrelevant, argumentative, consist of legal conclusions, or consist of Plaintiff

3

pointing to material without explaining its significance. With these guidelines in mind, the Court turns to the facts of this case.

## II. Factual Background

Plaintiff's Amended Complaint is brought under 42 U.S.C. §1983, based on allegations that Defendant Anthony Modreno[1] failed to protect him from harm on December 23, 2016, from Ray Coleman and other inmates who were trying to take his commissary goods at the Cook County Jail ("CCJ"). (Dkt. 36, Def. SOF at ¶ 2.) Plaintiff was a pre-trial detainee at the CCJ from February 15, 2015 – March 30, 2017. (*Id.* at ¶ 4.) Plaintiff is currently incarcerated in the Illinois Department of Corrections at Lawrence Correctional Facility. (*Id.* at ¶ 5.)

On December 23, 2016, Plaintiff was housed in Division 10 of the Cook County Jail, tier 3C. (*Id.* at ¶ 6.) On December 23, 2016, Plaintiff was involved in a fight with other inmates, including an inmate by the name of Ray Coleman. (*Id.* at ¶¶ 7 and 8.)

On December 23, 2016, Defendant Modreno opened Plaintiff and his cell-mate Johnson's door leading into the dayroom as requested by Johnson. (*Id.* at ¶ 9.) Plaintiff did not tell Defendant at the time that he was in actual danger or feared serious physical harm. (*Id.* at ¶ 11.) Plaintiff told Defendant that Coleman and his associates were "on some bullcrap, you see what they're doing all over the deck, we do not want to come out, leave us in here," and "you would have to be completely blind to not know what was going on[,] on that deck." (*Id.* at ¶ 12.)

An inmate can refuse to come out of their cell during dayroom time, and remain locked in. (*Id.* at ¶ 13.) Plaintiff did not tell Defendant to lock him in the cell once the door was open and he and Johnson exited. (*Id.* at ¶ 14.) Instead, Plaintiff emerged from his cell directly behind Johnson, immediately punching detainee Ray Coleman, who was standing nearby. (*Id.* at ¶ 15.) Plaintiff

---

[1] The record is unclear as to the spelling of Defendant Modreno's last name, but it is spelled Modreno on the docket. Thus, the Court uses the spelling of the name that is on the docket for the sake of consistency.

punched Coleman because he feared Coleman was going try and take his commissary items. (*Id.* at ¶ 16.) Plaintiff did not say anything to Defendant upon exiting his cell. (*Id.* at ¶ 17.)

After being punched by Plaintiff, Coleman then began "aggressing back on" Plaintiff. (*Id.* at ¶ 18.) 19. Detainee Coleman and Plaintiff were still fighting when other detainees joined the fight against Plaintiff. (*Id.* at ¶ 19.) As soon as the fighting broke out, Officer Modreno called in a 10-10 and ran to get back up assistance, as he was trained to do. (*Id.* at ¶ 20.) After the fight, Plaintiff was taken to the dispensary for medical treatment. (*Id.* at ¶ 21.)

There was a prior altercation between Plaintiff and another inmate, "Lil' Will," who was friends with Coleman on December 16, 2016. (*Id.* at ¶ 22.) As a result of the December 16, 2016 altercation, Plaintiff requested and received medical treatment on December 17, 2016. (*Id.* at ¶ 23.) While requesting and receiving medical attention, Plaintiff lied about the cause of his injuries, stating that he had fallen out of bed. (*Id.* at ¶ 24.) Plaintiff did not report the December 16, 2016, altercation to any officers or medical staff until after the December 23, 2016 incident. (*Id.* at ¶ 25.) Plaintiff knew he could have reported the December 16, 2016 altercation to medical staff when he was treated for his alleged injuries to his ribs. (*Id.* at ¶ 26.)

Plaintiff did not file grievances about the December 16, 2016, fight until after the December 23, 2016, incident. (*Id.* at ¶ 27.) Plaintiff knows he could have submitted grievances right after the December 16, 2016 fight. (*Id.* at ¶ 28.) None of the Sheriff's employees or medical staff at Cook County Jail had any idea there was a prior altercation on December 16, 2016, until after the December 23, 2016 altercation. (*Id.* at ¶ 29.) Plaintiff did not expect he would get into a fight on December 23, 2016. (*Id.* at ¶ 33.)

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). The Court's role is "to determine whether there is a genuine issue for trial," *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (internal citation and quotation omitted), not to "weigh conflicting evidence . . . or make credibility determinations." *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 704 (7th Cir. 2011). If the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, the burden shifts to the non-movant, who must show more than "some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*

## **ANALYSIS**

Defendant argues that Plaintiff cannot establish that Defendant Modreno's actions were objectively unreasonable.[2]

"Jail officials have a duty to protect inmates from violent assaults by other inmates." *Rice ex rel. Rice v. Corr. Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1988)); *see also Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008) (applying duty to protect rule to pretrial detainees). Because Plaintiff is a pretrial detainee, his failure to

---

[2] While Defendant also argues that he is entitled to qualified immunity and that Plaintiff is not entitled to punitive damages, the Court declines to address argument, because it is unnecessary given the Court's finding that Defendant Modreno's actions were not objectively unreasonable. The Court notes that seeking summary judgment on the form of relief requested is an improper use of a Rule 56 motion. The prayer for relief—and the type of damages sought therein—is not part of either parties' actual claims or defenses which, of course, are the proper province of Fed.R.Civ.P. 56. *D.A. v. Meridian Joint Sch. Dist. No. 2*, 289 F.R.D. 614, 627 (D. Idaho 2013).

protect claim arises under the substantive component of the Fourteenth Amendment's Due Process Clause. *See Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005).

The Seventh Circuit has clarified that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which applied an objective reasonableness standard to a pretrial detainee's claim of excessive force by correctional officers, applies to all constitutional claims brought by pretrial detainees, including failure to protect claims. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018) (citing *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (applying *Kingsley* to Fourteenth Amendment failure-to-protect claims brought by pretrial detainees)).

To establish Fourteenth Amendment claim against a correctional officer under this standard, Plaintiff must allege facts suggesting that: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;" (2) "[t]hose conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the defendant's conduct was objectively unreasonable (*i.e.*, the officer "did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"); and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

A constitutional violation, however, does not occur "every time an inmate gets attacked by another inmate." *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). Correctional facilities, "after all, are dangerous places often full of people who have demonstrated aggression." *Id.* Thus, "negligence" by correctional officials "is not enough." *Smith v. Sangamon Cty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2014) (citations omitted); *see also Miranda*, 900 F.3d at 353 ("[I]t will not be enough to show negligence or gross negligence.") (citations omitted).

The undisputed facts in this case indicate that Defendant Modreno was not on notice that Plaintiff was in fear for his safety on December 23, 2016. Plaintiff attempts to use the December 16, 2016, incident with Lil' Will, to establish prior knowledge of his fear for his safety, however, the record is clear that Plaintiff did not notify any correctional or medical staff at the Cook County Jail about the incident until he filed a grievance about it on December 26, 2016. Plaintiff never informed Defendant Modreno about the prior incident and when he received medical care and he asked about the cause of his injuries from the December 16, 2016, incident, Plaintiff lied about it, stating that he fell out of bed.

Plaintiff also attempts to dispute the fact that Defendant Modreno knew he was in fear for his safety because his assailant, Ray Coleman was "on some bullcrap, you see what they're doing all over the deck, we do not want to come out, leave us in here," and "you would have to be completely blind to not know what was going on[,] on that deck." (Def SOF ¶ 12 and Dkt. 48, Pl. Resp. pp. 4-5.) To implicate the Constitution, a correctional official must have enough information to suggest an objectively serious risk to the complaining detainee's safety from another inmate. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015) A vague complaint of fear for safety in the context of a jail housing potentially dangerous inmates is insufficient to indicate an objectively serious risk to Plaintiff's safety. *See Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) ("Complaints that convey only a generalized, vague or stale concern about one's safety typically will not support an inference that the official had actual knowledge that the prisoner was in danger," while "a complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support [such] an inference."); *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

8

The facts belie any notion that Defendant Modreno had sufficient prior knowledge so as to render him constitutionally culpable, and in fact, the facts establish that in the altercation complained of, Plaintiff was the aggressor. The record also indicates that once the altercation began, Defendant Modreno immediately called for assistance. Accordingly, there is no evidence that Defendant Modreno acted unreasonably and he is entitled to summary judgment as a matter of law.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if

seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## CONCLUSION

For the reasons stated, Defendant's' motion for summary judgment [34] is granted. Final judgment will be entered. Plaintiff's motion in response to the motion for summary judgment (Dkt. 45), motion seeking to supplement the record with exhibits (Dkt. 46.), and Brief (Dkt. 48.) are construed as his response to the motion for summary judgment and to the extent that they can be construed as motions are granted. Defendant's counsel is advised that he must submit a hard copy of the thumb-drive Exhibit (Dkt. 36-6) along with a cover sheet to the Clerk's Office Intake Desk so that the thumb-drive is filed in the record. The cover sheet must include the case caption including the parties' names, case number, and Judge, as well as the title of the Exhibit. The thumb-drive submitted to Chambers is considered the Judge's copy under Local Rule 5.2(f). A hard copy of the thumb-drive must be submitted through the Clerk's Office Intake Desk for inclusion in the record. The Clerk's Office Intake Desk is located at 219 S. Dearborn, 20th Floor, Chicago, IL 60604.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Date: August 17, 2020